**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alvin E. Lockridge, | Civil No. 05-725 (DWF) |
| | Criminal No. 03-301(1) (DWF/SRN) |
| Petitioner-Defendant, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| United States of America, | |
| Respondent-Plaintiff. | |

_____

Joseph T. Walbran, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Alvin E. Lockridge, *Pro Se*, Defendant.

_____

This matter is before the Court upon the motion of Petitioner-Defendant Alvin E. Lockridge ("Petitioner-Defendant") brought pursuant to 28 U.S.C. § 2255. In his motion, Petitioner-Defendant asks that this Court vacate his sentence and issue an order to have him brought before the Court to correct his sentence. In addition, Petitioner-Defendant alleges ineffective assistance of counsel at all pretrial proceedings including the plea hearing and at the time of sentencing. The Government opposes Petitioner-Defendant's *pro se* motion.

The Court has considered all documents that are the subject of Petitioner-Defendant's motion.

## BACKGROUND

Petitioner-Defendant has filed a motion, pursuant to 28 U.S.C. § 2255. Petitioner-Defendant was sentenced on April 16, 2004, to a term of 87 months, pursuant to a Plea Agreement. In Petitioner-Defendant's Plea Agreement, he admitted to the Court that he is responsible for the sale of 120.8 grams of crack cocaine. Petitioner-Defendant also agreed that the substance identified in the Indictment was crack cocaine within the meaning of United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c).

Close scrutiny of the record in this matter shows that there was never an issue that the substance was crack cocaine or that Petitioner-Defendant was involved in the sales for which he admitted responsibility. Petitioner-Defendant pled guilty to Count 3, with the understanding that Counts 1, 2, 4, and 5 would be dismissed at the time of sentencing, but that the drug quantities of those counts would constitute relevant conduct for calculation of the Sentencing Guidelines. *See* Plea Agreement at ¶¶ 1 and 2. The sentence imposed by the Court was one of the options set forth in the Plea Agreement and discussed on the record before the Court. Petitioner-Defendant did not appeal the Court's sentence.

Petitioner-Defendant asserts that his lawyer should have challenged his two prior marijuana convictions. Each marijuana conviction resulted in a criminal history point, thus moving Petitioner-Defendant into criminal history Category II. Petitioner-Defendant asserts that his uncounseled misdemeanors should not have been counted.

Contrary to Petitioner-Defendant's assertions, trial counsel did challenge the two prior marijuana convictions. The Court reviewed the convictions of July 21, 1994, for marijuana in a motor

vehicle, Anoka County, Minnesota, Case No. T7-94-016203, and May 1, 1997, Ramsey County, Minnesota, Case No. T8-97-010599.  Pursuant to U.S.S.G. § 4A1.1(c), each conviction was assigned one point because U.S.S.G. § 4A1.1(a) and (b) were inapplicable.  These marijuana offenses are not the type of offenses addressed under U.S.S.G. § 4A1.2(c), as the Court noted during the sentencing proceeding.  However, the fact is that defense counsel did address these issues at the time of sentencing and in his written objections to the Presentence Investigation Report.

Notably, the Court granted Petitioner-Defendant's motion for a downward departure based upon its determination that Petitioner-Defendant's criminal history was overstated.  The Sentencing Guidelines range was an offense level of 29, based upon criminal history Category II, and resulted in a recommended imprisonment range of 97 to 121 months.  The Court, in granting Petitioner-Defendant's motion for a downward departure, imposed a sentence of 87 months, applying U.S.S.G. § 4A1.3.  On April 16, 2004, the Court imposed a sentence of 87 months over the objection of the Government.  On April 4, 2005, the Petitioner-Defendant filed his *pro se* section 2255 habeas motion, seeking to vacate or reduce his sentence.

## DISCUSSION

Petitioner-Defendant has moved the Court to vacate or reduce his sentence, asserting that his counsel was ineffective at all stages of his case.  The record does not support the conclusory assertions of Petitioner-Defendant.  In fact, any fair review of all of the proceedings in this case belies the notion that Petitioner-Defendant received ineffective assistance of counsel.  None of the claims raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test.  *Strickland v. Washington*, 466 U.S. 668 (1984).  The issues that Petitioner-Defendant asserts, in the

Court's view, were thoroughly and competently litigated by his lawyer, Paul Schneck. Petitioner-Defendant has clearly failed to meet the burden necessary to establish his ineffective assistance of counsel claim.

Even if the Court were to assume that one or more of the claims raised in Petitioner-Defendant's motion rise to the level of deficient performance by his counsel, the motion still fails because Petitioner-Defendant has not satisfied the second prong of the *Strickland* test, which requires that the error result in actual prejudice to Petitioner-Defendant. There is no probability that the results of the plea hearing or the sentencing would have been different, but for the conduct of Petitioner-Defendant's counsel. In fact, as previously noted, the Court granted Petitioner-Defendant's motion for a downward departure.

The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitle petitioner to release; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998). Applying this standard to the allegations of Petitioner-Defendant and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

Finally, in order to put any lingering issues to rest with respect to sentencing, there are no Sixth Amendment issues implicated in Petitioner-Defendant's case on the record before this Court. Moreover, there is little doubt in the wake of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), that the Court's sentence of 87 months was a fair and appropriate sentence under 18 U.S.C. §

3553(a)(4) and (5), as well as the directive set forth in 18 U.S.C. § 3553(a), even assuming the applicability of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), to Petitioner-Defendant's case.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Alvin E. Lockridge's motion to vacate or correct his sentence alleging ineffective assistance of counsel is **DENIED**.

2. Petitioner-Defendant Alvin E. Lockridge's motion and request for an evidentiary hearing is **DENIED**.

3. Petitioner-Defendant Alvin E. Lockridge's motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

Dated: August 2, 2005            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court